IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD PHILLIPS, M.D., ) | |
| ) | |
| Plaintiff, ) | No. 16 C 11157 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| ILLINOIS DEPARTMENT OF FINANCIAL ) | |
| AND PROFESSIONAL REGULATION, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arnold Phillips, M.D. filed this civil rights action against the Illinois Department of Financial and Professional Regulation (IDFPR), Division of Professional Regulation of the IDFPR (DPR), and the following current and former IDFPR and DPR employees alleging that Defendants violated his constitutional right to due process by inactivating his medical license without notice or hearing: Brian Schneider, current Secretary of the IDFPR; Jessica Baer, current Acting Director of DPR; Manuel Flores, 2014 Acting Director of IDFPR; Jay Stewart, 2014 Director of IDFPR; Jeff Read, current Deputy Director of Licensing and Testing for DPR and 2014 Assistant Director of DPR; Ruth Lawson, who worked in DPR Licensing and Testing in 2014; and Ed Pruitt who currently works in DPR Licensing and Maintenance ("Individual Defendants"). (Dkt. 1). The Court dismissed the claims in the original Complaint against IDFPR, DPR and the Individual Defendants in their original capacities as barred by the Eleventh Amendment. (Dkt. 41). The Amended Complaint presently before the Court asserts two claims: one for declaratory judgment (Count I) and one for deprivation of Dr. Phillips' right to due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (Count II). (Dkt. 71). Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

1

(Dkt. 76). For the following reasons, Defendants' Motion (Dkt. 76) is granted in part and denied in part.

## BACKGROUND

The Court accepts as true the following facts as set forth in the Amended Complaint and attached exhibits for the purpose of reviewing Defendants' Motions to Dismiss. Fed. R. Civ. P. 10(c); *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 827 (7th Cir. 2017).

Dr. Phillips is a licensed physician practicing in Naperville, Illinois. (Dkt. 71 at ¶5). On June 3, 2014, Dr. Phillips wrote a check for $690 to IDFPR for the three-year renewal of his medical license. (*Id.* at ¶¶ 16, 18). The check listed the payee as "Illinois Department of Financial and Professional Regulation" and included Dr. Phillips' name and address pre-printed at the top of the check and his medical license number "036076706" on the memo line. (*Id.* at ¶¶ 17, 19; *see also id.* at Ex. B). IDFPR never provided Dr. Phillips with acknowledgment of payment but an endorsement on the reverse side of the check reflects that the check was received and presented to Dr. Phillips' bank for payment on June 26, 2014. (*Id.* at ¶¶ 20–23; *see also id.* at Ex. C).

IDFPR never sent Dr. Phillips a request for payment, notice of late payment or any other notification that he had failed to timely pay his renewal fee. (*Id.* at ¶ 24). Over the next few months, the number of referrals to Dr. Phillips' practice plummeted to one. (*Id.* at ¶¶ 25, 34). Around early December of 2014, Dr. Phillips called IDFPR and a clerk informed him that his medical license was listed as "Inactive" because he had failed to pay a fine associated with a disciplinary reprimand. (*Id.* at ¶ 26). Dr. Phillips never received any letter or notice regarding the inactivation of his license or opportunity to challenge the decision to inactivate it. (*Id.* at ¶¶ 27–28).

Dr. Phillips retained attorney Alan Rhine to assist in this matter. On December 10, 2014, Rhine wrote a letter to IDFPR general counsel explaining that the inactivation had been improper because the administrative decision imposing a fine against Dr. Phillips was still pending on administrative review and, even if it were not, the IDFPR had no authority under the applicable statute to set a deadline on the payment of such fine or to inactivate a medical license due to failure to pay a fine. (*Id.* at ¶¶ 29–31; *see also id.* at Ex. D). On December 12, 2014, IDFPR restored Dr. Phillips' medical license to "Active" status without offering any reason as to why it had been inactivated in the first instance. (*Id.* at ¶ 32). As a result of the inactivation of his license, Dr. Phillips incurred financial losses and damages to his business and reputation. (*Id.* at ¶¶ 33–35).

In December 2016, he filed the present action. While this action was pending, the three-year renewal deadline for Dr. Phillips' medical license came once again. Payment was due on July 31, 2017. (*Id.* at ¶ 38). On July 3, 2017, Dr. Phillips made an online payment of $690 to IDFPR for the renewal fee; IDFPR, via the Illinois State Treasurer, received the payment the same day. (*Id.* at ¶¶ 37, 39). As in 2014, IDFPR never provided Dr. Phillips with acknowledgment of payment or any request for payment, notice of late payment or any other notification that he had failed to timely pay his renewal fee. (*Id.* at ¶¶ 40–41). Dr. Phillips also, as before, never received any letter or notice regarding the inactivation or expiration of his license or opportunity to challenge the decision to change his licensure status to inactivated or expired. (*Id.* at ¶¶ 43–44). As a result of the inactivation and expiration of his license, Dr. Phillips incurred financial losses and damages to his business and reputation. (*Id.* at ¶ 45).

The Amended Complaint alleges that the Individual Defendants—Schneider, Baer, Flores, Stewart, Read, Lawson and Pruitt—were "personally involved" in events described above, including by ignoring Dr. Phillips' timely payments of the renewal fee in 2014 and 2017; deciding

3

whether to place his license on "Inactive" status in 2014 and "Expired" and "Not Renewed" status in 2017; placing his license on "Inactive" status in 2014 and "Expired" and "Not Renewed" status in 2017; not providing him with notice or a hearing before or after doing so; and deciding whether the "Inactive" status in 2014 and "Expired" and "Not Renewed" status in 2017 would be part of the publicly available State records. (*Id.* at ¶¶ 61–62). The Amended Complaint further alleges that the Individual Defendants were at all relevant times, agents and employees of the State of Illinois acting within the scope of their employment and under color of state law. (*Id.* at ¶¶ 8–14, 54, 59).

## **LEGAL STANDARD**

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The allegations must "raise a right to relief above the speculative level,'" *Olson v. Champaign Cty., Ill.*, 784 F.3d 1099, 1098 (7th Cir. 2015) (citing *Twombly*, 550 U.S. at 555), and "must be more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* (citing *Iqbal*, 566 U.S. at 678). While the Court "accept[s] as true all of the well-pleaded facts . . . and draw[s] all reasonable inferences in favor of the plaintiff," *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson*, 784 F.3d at 1099.

4

**DISCUSSION**

Dr. Phillips asserts two counts against IDFPR, DPR and the Individual Defendants in their individual capacities: (1) for the deprivation of his right to due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (Count II) and (2) for declaratory judgment pursuant to 28 U.S.C. § 2202. Defendants seek to dismiss both counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. 71).

**I.     IDFPR and DPR**

Defendants seek to dismiss all claims against IDFPR and DPR as barred by the Eleventh Amendment. The Eleventh Amendment provides immunity to states, state agencies (as "arms of the state"), and state officials sued in their official capacity from suits brought by private litigants in federal court. *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) and *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). IDFPR and DPR are "arms of the state" and, therefore, protected by sovereign immunity under the Eleventh Amendment. *See, e.g., Li v. Illinois Dep't of Fin. & Prof'l Reg.*, No. 17 CV 2498, 2018 WL 1453551, at *3 (N.D. Ill. Mar. 23, 2018). However, the Eleventh Amendment is not at play here because § 1983 authorizes suits only against "[e]very *person*" who under color of law deprives another of a right secured by the Constitution or federal statute, 42 U.S.C. § 1983 (emphasis added), and neither a state nor a state agency—like IDFPR and DPR—is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *see also Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) ("Since section 1983 does not authorize suits against states (states not being 'persons' within the statute's meaning), the district court should have dismissed the official-capacity claims before addressing the Eleventh Amendment defense.") (citing *Vermont Agency of*

*Nat. Res. v. United States ex re. Stevens*, 529 U.S. 1858 (2000)). Accordingly, the Court dismisses with prejudice Dr. Phillips' § 1983 claim (Count I) and claim for declaratory judgment based on the alleged §1983 violation (Count II) against IDFPR and DPR.

Dr. Phillips seeks leave to amend his pleading to re-allege his claim for declaratory judgment as a claim against the Individual Defendants in their official capacities to fit within the *Ex Parte Young* exception to Eleventh Amendment immunity. (Dkt. 77 at 11). Indeed, there are exceptions to the Eleventh Amendment bar where (1) the state waives its immunity, (2) Congress has abrogated immunity, or—as Dr. Phillips seeks to invoke here—(3) the suit seeks prospective equitable relief for ongoing violations of federal law against state officials under *Ex Parte Young*, 209 U.S. 123 (1908). *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010). However, even assuming the declaratory judgment claim in Count I constitutes "prospective equitable relief for ongoing violations of federal law," Dr. Phillips cannot avoid dismissal by re-alleging it as an official-capacity claim. Like states and state agencies, a state official acting in his or her official capacity is also not a "person" within the meaning of § 1983. *Will*, 491 U.S. at 70–71 ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, therefore, "is no different from a suit against the State itself."). The Eleventh Amendment, and any exception thereto, is irrelevant. The Court, therefore, denies Dr. Phillips' request for leave to amend as futile.

## II.   Individual Defendants in their Individual Capacities

Defendants seek to dismiss Counts I and II against the Individual Defendants in their individual capacities on two grounds: that Dr. Phillips (1) had no property right to a medical license under the Fourteenth Amendment because he failed to pay the disciplinary fee and (2) fails to

establish how the Individual Defendants were personally involved in the due process violations alleged.

A procedural due process claim requires a two-step analysis: first, "determine whether the defendants deprived the plaintiff of a protected liberty or property interest," and if so, "assess what process was due." *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010) (citation omitted). Defendants argue that Plaintiff had no property interest in the medical license because he had failed to pay the fine associated with the disciplinary reprimand imposed against him. In support of this argument, Defendants attach as an exhibit to their Motion a 2016 Illinois appellate court ruling denying Dr. Phillips' appeal of the IDFPR's reprimand and $10,000 fine imposed against him in 2013 for violating the Medical Practices Act of 1987, 225 ILCS 60/1, *et seq.* (Dkt. 76-1). Although generally, matters outside the pleadings may not be considered on a motion to dismiss, *see* Fed. R. Civ. P. 12(b), the Court may consider facts within its judicial-notice power without converting a motion to dismiss into a motion for summary judgment. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). A court may take judicial notice of facts "(1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 773–74. Therefore, the Court takes judicial notice of the following indisputable facts evidenced by the attached judicial opinion: the IDFPR Board reprimanded and imposed a $10,000 fine against Dr. Phillips in 2013 for violating the Medical Practices Act, Dr. Phillips subsequently filed a complaint for administrative review, and both the Illinois circuit court and appellate court affirmed the Board's decision. (Dkt. 76-1). [1]

---

[1] The Court may also examine concededly authentic documents attached to a party's motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to his claim. *See Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 (7th Cir. 2003); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). Dr. Phillips refers to an "administrative decision" once in the Amended Complaint, mentioning only that the

7

"An Illinois physician has a property interest in a medical license free from formal disciplinary sanction imposed without due process." *Abcarian*, 617 F.3d at 942 (citing *Fleury v. Clayton*, 847 F.2d 1229, 1232 (7th Cir.1988) (Illinois law "establishes criteria for professional discipline and therefore creates a 'property' interest in a blemish-free license to practice medicine.")). Defendants argument appears to be that Dr. Phillips had no property interest in his medical license because it was revoked for failure to pay a disciplinary fine and a statute or regulation providing for revocation of a medical license for failure to pay a disciplinary fine is constitutionally sound. Defendants are correct that "courts consistently have upheld statutes that withhold or revoke occupational licenses for failure to meet or comply with conditions imposed by the state for societal protection." (Dkt. 76 at 6 (quoting *Bhalerao v. Illinois Dep't of Fin. & Prof'l Regulations*, 834 F. Supp. 2d 775, 784 (N.D. Ill. 2011) (addressing *substantive* due process challenge to Illinois statute providing revocation of medical license upon conviction of certain offenses)). "[P]rofessional licenses always have been subject to regulation," and the Illinois legislature is "the primary expositor of Illinois public policy and is given wide latitude in making classifications and drawing lines, especially in the exercise of its prerogatives concerning public health, safety, and welfare"; the Court "may not second-guess the legislature's judgment so long as it has a rational basis." *See e.g., Bhalerao*, 834 F. Supp. 3d. at 785–86.

As an initial matter, Dr. Phillips never asserts a substantive due process challenge to any statutory scheme governing the revocation of medical licenses in Illinois. Rather, his *procedural* due process claim alleges that his license was incorrectly revoked—*i.e.*, that *no* statute or regulation allowed for the change in his licensure status in the first place. Perhaps tellingly,

---

decision imposed a fine against him and as of December 2014 was pending administrative review. (Dkt. 71 at ¶ 30). Neither the decision nor the related fine is central to the claim as alleged in the Amended Complaint. Nor, for that matter, is the subsequent state-court appellate review which the pleading never even mentions. Therefore, the Court will not consider the appellate court opinion beyond taking judicial notice of the indisputable facts listed above.

8

Defendants' focus on the propriety of the disciplinary fine imposed against Dr. Phillips ignores the primary allegations in his pleading.

Regardless, nothing in the Amended Complaint gives rise to an inference that IDFPR had *any* authority—statutory or otherwise—to revoke or inactivate Dr. Phillips' license due to his failure to pay a disciplinary fine as Defendants argue. In fact, IDFPR reinstated Dr. Phillips license on December 14, 2014 despite him not having paid the fee, strongly suggesting that it had no valid grounds for inactivating the license in the first place. (Dkt. 71 at ¶ 32). Defendants make much of the fact that "[s]trikingly, Plaintiff never alleges that he paid this fine." (Dkt. 76 at 6). But this does not matter. According to the facts before the Court for purposes of this Motion, which are assumed to be true and construed in the light most favorable to Plaintiff, Dr. Phillips was not required to pay the fine by any date certain: the Medical Practice Act, pursuant to which Dr. Phillips was disciplined, did not impose a deadline within which any fine imposed must be paid, 225 ILCS 60/22(A) (2012),[2] and the administrative decision rendered against him explicitly stated that no deadline was imposed. (Dkt. 76-1). Even if he were, neither the provision of the Act cited by Defendants nor the administrative decision (or subsequent state-court rulings) grant IDFPR authority to inactivate or revoke his license based on a failure to make timely payment. (Dkt. 76-1); 225 ILCS 60/22(A). Thus, there are no grounds in the facts before the Court for finding that Dr. Phillips' property interest in his medical license was contingent on his paying the disciplinary fine. *Compare, e.g., Rebirth Christian Acad. Daycare, Inc. v. Brizzi*, 835 F.3d 742, 747 (7th Cir. 2016) ("[B]ecause Rebirth was entitled to retain its registration unless it violated state law,

---

[2] Defendants cite to the 2018 version of the Act, which provides that "[a]ll fines imposed under this Section shall be paid within 60 days after the effective date of the order imposing the fine or in accordance with the terms set forth in the order imposing the fine." 225 ILCS 60/22(A) (2018). The 60-day deadline was added for the first time to the version of the Act that became effective on December 30, 2013, after the IDFPR Board decision. *See id.* (2013) (eff. Dec. 30, 2013); P.A. 98-601 (S.B. 1496).

9

Rebirth's ability to operate a registered child care ministry was a clearly protected property right at the time that the defendants revoked its registration.") *and Grason v. Stewart*, 670 F. App'x 392, 393 (7th Cir. 2016) (Plaintiff failed to state a due process claim for revocation of his medical license without a hearing where "there was no basis for a hearing once the Department of Revenue concluded that [plaintiff] owed taxes because *under those circumstances Illinois law required [IDFPR] to suspend the license*.") (emphasis added).

Defendants next argue that Dr. Phillips fails to allege how each Individual Defendant was personally involved in the alleged due process violations. "[I]ndividual liability under § 1983 [] requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), *cert. denied sub nom. Colbert v. City of Chicago, Ill.*, 138 S. Ct. 657 (2018) (citation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Here, the Amended Complaint lists the acts and omissions committed to deprive him of his license without notice of hearing and then alleges generally that "[e]ach of the Individual Defendants were personally involved in depriving Dr. Phillips of due process as detailed above." (Dkt. 71 at ¶¶ 61–62). Defendants complain that it never identifies the specific act(s) or omission(s) allegedly committed by each specific individual.

"Federal Rule of Civil Procedure 8(a) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[t]he plausibility requirement demands only that a plaintiff provide sufficient detail 'to present a story that holds together.'" *Alexander v. United*

*States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010)).

*Rebirth Christian Academy Daycare, Inc. v. Brizzi* is instructive here. 835 F.3d 742 (7th Cir. 2016). In *Rebirth*, the plaintiff, a child care ministry, brought a § 1983 due process claim against Indiana Family and Social Services Administration officials in their individual and official capacities alleging they violated its right to due process by revoking its certificate of registration without providing it an opportunity to be heard. *Id.* at 743. Defendants sought to dismiss the individual-capacity clams on the grounds that the complaint failed to sufficiently allege that the individual defendants were "personally responsible" for the alleged due process violation. *Id.* at 749. Specifically, with regard to the Secretary of the Administration, the complaint alleged only that he had the authority to provide pre-deprivation hearing and did not. *Id.* at 750. The Seventh Circuit held that this was sufficient to permit the inference that the Secretary was "personally responsible" because he knew organizations like the plaintiff lacked pre-deprivation hearings and had the authority to provide pre-deprivation hearings yet did nothing within his power to provide such organizations an opportunity to be heard. *Id.* at 750.

Dr. Phillips' pleading goes even further than the one in *Rebirth*. The Amended Complaint not only alleges each individual defendant's respective position within IDFPR and DPR—Secretary, Director, Acting Director, Assistant Director, Deputy Director of Licensing and Testing, Licensing and Maintenance or Licensing and Testing employee (Dkt. 71 at ¶¶ 8–14)—and that each was "personally involved" in the due process violation (*id.* at ¶ 62) but also lists the types of specific acts and omissions that contributed to the due process violation, including ignoring the timely payments, deciding to change and then changing the licensure status, not providing notice or hearing, and deciding whether to include the status change as part of public record (*id.* at ¶ 61).

11

These allegations together permit the plausible inference that each Individual Defendant, given his or her respective position, had some authority over or involvement in the inactivation Dr. Phillips' license and/or failure to provide an opportunity for hearing before that inactivation in 2014 and/or 2017 and, therefore, is "personally responsible" for the alleged due process violation. Accordingly, these allegations "are sufficient to permit fact development of the individual-capacity claims." *Rebirth*, 835 F.3d at 750.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. 76) is granted in part and denied in part. All claims against the Individual Defendants in their individual capacities may proceed as alleged. However, all claims against Defendants IDFPR and DPR are dismissed with prejudice. Additionally, for the reasons outlined above, the Court denies Defendants' request in their Response brief for leave to amend the pleading to re-allege the claim for declaratory judgment in Count I against the Individual Defendants in their official capacities.

Hon. Virginia M. Kendall
United States District Judge

Date: January 16, 2019